UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FISHERIES SURVIVAL FUND, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 08-0827-RBW |
| THE HONORABLE CARLOS GUTIERREZ, ) | |
| Defendant. ) | |

## UNOPPOSED MOTION TO STAY PROCEEDINGS

For reasons explained in greater depth below, Plaintiff Fisheries Survival Fund ("FSF") hereby respectfully moves this Court to enter a stay in this litigation until March 1, 2009. Plaintiff would agree to allow Defendant Secretary of Commerce to postpone filing of an Answer until such time as specified in a joint case management proposal that may be entered if the stay is lifted. As to production of the administrative record, Plaintiff understands that separate litigation relating to this same set of regulations is proceeding in the Federal District Court for the District of New Jersey. *General Category Fishermen v. Gutierrez*, 3:08-cv-02264-MLC-JJH (D.N.J. June 10, 2008). That being the case, the parties have agreed that the administrative record will be produced and served in this matter at the same time it is produced for plaintiffs in that case.

This case involves regulations promulgated by the Secretary's designees, the National Marine Fisheries Service ("NMFS"), to implement a rulemaking referred to as Amendment 11 to the Atlantic Sea Scallop Fishery Management Plan. FSF brought a discrete challenge with

respect to the Secretary's authority to add additional substantive provisions to the final Amendment 11 rule that were not recommended by the New England Fishery Management Council ("Council"). The Council is a body created under the Magnuson-Stevens Fishery Conservation and Management Act, 16 U.S.C. § 1852(a), to recommend conservation and management measures (and their implementing regulations) to the Secretary, which the Secretary may only approve, disapprove, or partially approve, but not alter, add to, or amend. *Id.* §§ (h)(1) & 1854(a),(b). The regulations at issue prescribe how scallop harvesting would be allocated among fishery sectors in the event that administrative implementation of the program created by Amendment 11 lasts beyond the expected two-year transition period. *See* Compl. ¶¶ 10-11. Plaintiff was required to bring this suit within thirty-days of promulgation of the final regulations implementing Amendment 11, 16 U.S.C. § 1855(f), but they recognize their claims may become moot if the regulatory implementation of Amendment 11 is finalized within the recommended two-year transition period.

Therefore, in the interest of judicial economy, Plaintiff requests that this case be stayed until March 1, 2009 – which is the beginning of the next scallop fishing year – at which time the parties will report to this Court on progress in implementing Amendment 11 and advising the Court on how they wish to proceed. Each party reserves the right to respectfully move the Court to lift the stay in the event it might reasonably appear before March 1, 2009, that Amendment 11 regulatory implementation will take long than two years.

For the reasons enumerated above, the parties respectfully request that the Court grant this Motion.

**Dated: July 1, 2007**

/s/_____
**David E. Frulla**
**D.C. Bar No. 414170**
**Shaun M. Gehan**
**D.C. Bar No. 483720**
**Kelley Drye & Warren LLP**
**3050 K Street, N.W. – Suite 400**
**Washington, D.C. 20007**
**Telephone: (202) 342-8400**
**Facsimile: (202) 342-8451**

*Attorneys for Plaintiff*

**Plaintiff's Unopposed Motion to Stay this Matter—Page 3**
DC01/GEHAS/343230.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **FISHERIES SURVIVAL FUND**<br>**2 Middle Street**<br>**Fairhaven, MA  02719,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**THE HONORABLE CARLOS GUTIERREZ,**<br>**in his official capacity as the Secretary of Commerce,**<br>**United States Department of Commerce**<br>**1401 Constitution Avenue, N.W.**<br>**Washington, D.C.  20230**<br><br>        **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 08-0827-RBW |

## **[PROPOSED] ORDER**

Having considered Plaintiffs Unopposed Motion for Stay, it is hereby ORDERED this ___ day of _____, 2008, that the parties will file a Joint Status Report no later than March 1, 2009, explaining progress made in implementing the regulation at issue and how parties intend to proceed.  Until such time, unless upon Motion by one or both parties, this matter shall be stayed.  IT IS SO ORDERED.

Dated: _____          _____
                                                                            Hon. Reggie B. Walton
                                                                            United States District Judge